**GREENBERG TRAURIG, LLP**
Kelly Robreno Koster (024382009)
1000 Louisiana Street
Suite 6700
Houston, TX 77002
Kelly.Koster@gtlaw.com
713-374-3553

Todd H. Girshon (034411993)
Jason Burns (*pro hac vice*)
One Vanderbilt Ave
New York, NY 10017
Todd.Girshon@gtlaw.com
212-801-9311
Jason.Burns@gtlaw.com
212-801-9294

*Attorneys for Defendant*
*Amazon.com Services LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CARTER RADOVIC,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC<br><br>Defendant. | CIVIL ACTION NO. 25-cv-15396-GC-TJB<br><br>ANSWER AND AFFIRMATIVE DEFENSES |

Defendant Amazon.com Services LLC ("Defendant" or "Amazon") responds to the allegations contained in the Complaint filed by Named Plaintiff Carter Radovic ("Radovic") as follows:

## INTRODUCTION

1. Amazon admits that Radovic has initiated the instant action and purports to allege violations of the New Jersey Wage and Hour Law, the New Jersey Wage Payment Law, and the common law of New Jersey. Amazon denies all remaining allegations contained in Paragraph 1 of the Complaint.

## PARTIES

2. Amazon incorporates its prior responses as set forth fully herein and denies the allegations contained in Paragraph 2 of the Complaint.

3. Amazon admits the allegations contained in Paragraph 3 of the Complaint.

4. Amazon admits the allegations contained in Paragraph 4 of the Complaint.

5. Amazon is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 of the Complaint, and therefore, denies the same.

## CLASS ACTION ALLEGATIONS

**(NJWHL)**

6. Amazon incorporates its prior responses as set forth fully herein and denies the allegations contained in Paragraph 6 of the Complaint.

7. Amazon admits that Radovic purports to bring claims alleging violations of the NJWHL on behalf of a putative class, and denies that Amazon violated any laws or that Radovic or the putative class are entitled to any relief.

8. This Paragraph contains allegations related to the purported class prior to August 6, 2019 and Radovic's meal break claim under the NJWHL, which were dismissed with prejudice and to which no response is required. Notwithstanding the foregoing, Amazon denies the allegations contained in Paragraph 8 of the Complaint.

9. Amazon denies the allegations contained in Paragraph 9 of the Complaint.

10. Amazon denies the allegations contained in Paragraph 10 of the Complaint.

11. Amazon is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11 of the Complaint, and therefore, denies the same.

12. Amazon denies the allegations contained in Paragraph 12 of the Complaint.

13. Amazon denies the allegations contained in Paragraph 13 of the Complaint.

14. Amazon denies the allegations contained in Paragraph 14 of the Complaint.

15. Amazon denies the allegations contained in Paragraph 15 of the Complaint.

## CLASS ACTION ALLEGATIONS

### (NJWPL and Common Law)

16. Amazon incorporates its prior responses as set forth fully herein and denies the allegations contained in Paragraph 16 of the Complaint.

17. Amazon admits that Radovic purports to bring claims alleging violations of the NJWPL and Common Law on behalf of a putative class, and denies that Amazon violated any laws or that Radovic or the putative class are entitled to any relief.

18. Amazon admits that Radovic purports to bring claims alleging violations of the NJWPL, and denies that Amazon violated any laws, that Radovic or the putative class are entitled to any relief, and the allegations contained in Paragraph 18 of the Complaint.

19. Amazon denies the allegations contained in Paragraph 19 of the Complaint.

20. Amazon denies the allegations contained in Paragraph 20 of the Complaint.

21. Amazon is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 21 of the Complaint, and therefore, denies the same.

22. Amazon denies the allegations contained in Paragraph 22 of the Complaint.

23. Amazon denies the allegations contained in Paragraph 23 of the Complaint.

24. Amazon denies the allegations contained in Paragraph 24 of the Complaint.

25. Amazon denies the allegations contained in Paragraph 25 of the Complaint.

## FACTUAL BACKGROUND

26. Amazon incorporates its prior responses as set forth fully herein and denies the allegations contained in Paragraph 26 of the Complaint.

27. Amazon admits that Radovic purports to bring claims on behalf of a putative class, and denies that the claims are appropriate for class treatment, that Amazon violated any laws, or that Radovic and the putative class are entitled to relief.

28. Amazon admits that Radovic began working for Amazon as an hourly employee at its TEB4 facility in or around November 2022, and denies the remaining allegations contained in Paragraph 28 of the Complaint.

29. Amazon admits that Radovic was paid on an hourly basis during his employment with Amazon.

30. Amazon denies the allegations contained in Paragraph 30 of the Complaint.

31. Amazon denies the allegations contained in Paragraph 31 of the Complaint as no class has been certified.

32. Amazon denies the allegations contained in Paragraph 32 of the Complaint as no class has been certified.

### Failure to Pay for Time Spent in Security Screenings

33. Amazon incorporates its prior responses as set forth fully herein and denies the allegations contained in Paragraph 33 of the Complaint.

34. Amazon denies the allegations contained in Paragraph 34 of the Complaint.

35. Amazon denies the allegations contained in Paragraph 35 of the Complaint.

36. Amazon denies the allegations contained in Paragraph 36 of the Complaint.

37. Amazon denies the allegations contained in Paragraph 37 of the Complaint.

**Failure to Pay for Time Spent in Security Screenings**

38. Amazon incorporates its prior responses as set forth fully herein and denies the allegations contained in Paragraph 38 of the Complaint.

39. This Paragraph contains allegations related to Radovic's meal break claim under the NJWHL, which were dismissed and to which no response is required. Notwithstanding the foregoing, Amazon denies the allegations contained in Paragraph 39 of the Complaint.

40. This Paragraph contains allegations related to Radovic's meal break claim under the NJWHL, which were dismissed and to which no response is required. Notwithstanding the foregoing, Amazon denies the allegations contained in Paragraph 40 of the Complaint.

41. This Paragraph contains allegations related to Radovic's meal break claim under the NJWHL, which were dismissed and to which no response is required. Notwithstanding the foregoing, Amazon denies the allegations contained in Paragraph 41 of the Complaint.

42. This Paragraph contains allegations related to Radovic's meal break claim under the NJWHL, which were dismissed and to which no response is required. Notwithstanding the foregoing, Amazon denies the allegations contained in Paragraph 42 of the Complaint.

43. This Paragraph contains allegations related to Radovic's meal break claim under the NJWHL, which were dismissed and to which no response is required. Notwithstanding the foregoing, Amazon denies the allegations contained in Paragraph 43 of the Complaint.

**Failure to Pay Contractually Owed Wages**

44. Amazon incorporates its prior responses as set forth fully herein and denies the allegations contained in Paragraph 44 of the Complaint.

45. Amazon denies the allegations contained in Paragraph 45 of the Complaint.

46. Amazon denies the allegations contained in Paragraph 46 of the Complaint.

47. Amazon denies the allegations contained in Paragraph 47 of the Complaint.

**COUNT I**

**Violations of the New Jersey Wage and Hour Law ("NJWHL")**

**(Failure to pay overtime wages for all hours worked more than 40)**

**(Named Plaintiff and NJWHL Plaintiffs v. Defendant)**

48. Amazon incorporates its prior responses as set forth fully herein and denies the allegations contained in Paragraph 48 of the Complaint.

49. The allegations in Paragraph 49 of the Complaint contain a legal conclusion to which no response is required, although Amazon admits that it employed Radovic.

50. Amazon admits the allegations contained in Paragraph 50 of the Complaint.

51. The allegations in Paragraph 51 of the Complaint contain a legal conclusion to which no response is required, although Amazon admits that it employed Radovic.

52. The allegations in Paragraph 52 of the Complaint contain a legal conclusion to which no response is required. To the extent a response is required, Amazon denies the allegations contained in Paragraph 52.

53. Amazon denies the allegations contained in Paragraph 53 of the Complaint.

54. Amazon denies the allegations contained in Paragraph 54 of the Complaint.

**COUNT II**

**Violations of the New Jersey Wage Payment Law ("NJWPL")**

**(Failure to Pay Owed Wages)**

**(Named Plaintiff and NJWPL Plaintiffs v. Defendant)**

55. Amazon incorporates its prior responses as set forth fully herein and denies the allegations contained in Paragraph 55 of the Complaint.

56. The allegations in Paragraph 56 of the Complaint contain a legal conclusion to which no response is required, although Amazon admits that it employed Radovic.

57. Amazon admits the allegations contained in Paragraph 57 of the Complaint.

58. The allegations in Paragraph 58 of the Complaint contain a legal conclusion to which no response is required, although Amazon admits that it employed Radovic.

59. Amazon denies the allegations contained in Paragraph 59 of the Complaint.

60. Amazon denies the allegations contained in Paragraph 60 of the Complaint.

61. Amazon denies the allegations contained in Paragraph 61 of the Complaint.

**COUNT III**

**Violations of New Jersey Common Law**

**(Quantum Meruit / Unjust Enrichment)**

**(Named Plaintiffs and NJWPL Plaintiffs v. Defendant)**

62. Amazon incorporates its prior responses as set forth fully herein and denies the allegations contained in Paragraph 62 of the Complaint.

63. Amazon denies the allegations contained in Paragraph 63 of the Complaint.

64. Amazon is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 64 of the Complaint, and therefore, denies the same.

65. Amazon denies the allegations contained in Paragraph 65 of the Complaint.

66. Amazon denies the allegations contained in Paragraph 66 of the Complaint.

67. Amazon denies the allegations contained in Paragraph 67 of the Complaint.

Amazon acknowledges Radovic's Prayer for Relief following the "WHEREFORE" clause in the Complaint, and denies that Radovic or any purported class member is entitled to any of the relief sought, including subparts A through G thereto, or to any other form of relief whatsoever.

## JURY DEMAND

As to Radovic's Jury Demand, no response is required. To the extent that a response is required, Amazon admits that Radovic demands a trial by jury. However, since Radovic's claims are subject to dismissal, Radovic ultimately should not be provided with a jury trial in this matter.

## AFFIRMATIVE AND OTHER DEFENSES

Without conceding it has the burden of proof, Amazon asserts the following defenses, including affirmative defenses. At this point, discovery in this action has not commenced, and as such, Amazon reserves the right to amend its answer as additional facts, issues, or defenses may be discovered.

### FIRST DEFENSE

Radovic's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Some or all of Radovic's claims and those of some or all of the individuals he seeks to represent are barred, in whole or in part, because they have already been paid and/or received all wages due to them under applicable law.

**THIRD DEFENSE**

Some or all of Radovic's claims and those of some or all of the individuals he seeks to represent are barred, in whole or in part, to the extent that some or all of these individuals have failed to mitigate their damages or otherwise avoid harm.

**FOURTH DEFENSE**

Some or all of Radovic's claims and those of some or all of the individuals he seeks to represent are barred, in whole or in part, because they have sustained no damages.

**FIFTH DEFENSE**

Some or all of Radovic's claims and those of some or all of the individuals he seeks to represent are barred, in whole or in part, by the *de minimis* doctrine.

**SIXTH DEFENSE**

Some or all of Radovic's claims and those of some or all of the individuals he seeks to represent are barred, in whole or in part, to the extent these individuals performed compensable work activities that were not known to Amazon or that could not reasonably have been known by Amazon.

**SEVENTH DEFENSE**

Some or all of Radovic's claims and those of some or all of the individuals he seeks to represent are barred, in whole or in part, to the extent that their claimed compensable activities were preliminary or postliminary activities.

**EIGHTH DEFENSE**

Some or all of Radovic's claims and those of some or all of the individuals he seeks to represent are barred, in whole or in part, by exclusions, exceptions, credits, or offsets permissible under the NJWHL, NJWPL, or New Jersey common law.

**NINTH DEFENSE**

Amazon has at all times acted in good faith and has had reasonable grounds for believing that any alleged acts and omissions were not violations of the NJWHL, NJWPL, or New Jersey common law.

**TENTH DEFENSE**

Certification of the proposed class action is inappropriate because Plaintiffs cannot demonstrate that they are similarly situated to the putative class members they seek to represent.

WHEREFORE, Amazon requests that the Court dismiss Radovic's Complaint with prejudice; that it enter judgment in favor of Amazon and against Plaintiff on all counts; and that this Court award Amazon such other relief as it deems appropriate.

Dated: October 14, 2026

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ Kelly Koster*
Kelly Robreno Koster (024382009)
1000 Louisiana Street
Suite 6700
Houston, TX 77002
Kelly.Koster@gtlaw.com
713-374-3553

Todd H. Girshon (034411993)
Jason Burns (*pro hac vice*)
One Vanderbilt Ave
New York, NY 10017
Todd.Girshon@gtlaw.com
212-801-9311
Jason.Burns@gtlaw.com
212-801-9294

*Attorneys for Defendant*
*Amazon.com Services LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date, a true and correct copy of the foregoing Answer and Affirmative Defenses has been served on the party listed below via ECF Filing:

Matthew D. Miller, Esq.
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
Joshua S. Boyette, Esq.
9 Tanner Street, Suite 101
Haddonfield, NJ 08033
(856) 685-7420

*Attorneys for Plaintiff Carter Radovic*

Dated: October 14, 2026

*/s/ Kelly Robreno Koster*
Kelly Robreno Koster